BATH PETROLEUM STORAGE, INC.
and E.I.L. Petroleum, Inc.,
Plaintiffs–Appellants,

v.

Gregory H. SOVAS, individually and as Director of the Division of Mineral Resources, New York State Department of Environmental Conservation; Bradley J. Field, individually and as Acting Director of the Bureau of Oil and Gas Regulation, Division of Mineral Resources, New York State Department of Environmental Conservation; Thomas W. Pearson, individually and as Regional Water Engineer, Region 8, Division of Water, New York State Department of Environmental Conservation; John Cahill, individually and as Commissioner of the New York State Department of Environmental Conservation; New York State Department of Environmental Conservation; and the State of New York. Defendants–Appellees.

No. 04–2353–CV.

United States Court of Appeals, Second Circuit.

Nov. 16, 2005.

W. Michael Holm, Womble, Carlyle, Sandridge & Rice (Jerry William Boykin, Womble, Carlyle, Sandridge & Rice, John

J. Privitera, William A. Hurst, McNamee, Lochner, Titus & Williams, P.C., Albany, New York, on the briefs), Vienna, Virginia, for Plaintiffs–Appellants.

Joseph Koczaja, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Nancy A. Spiegel, Senior Assistant Solicitor General, Daniel Smirlock, Deputy Solicitor General, and Lisa M. Buriamek and John J. Sipos, Assistant Attorneys General, on the briefs), Albany, New York, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. PIERRE N. LEVAL, Circuit Judge, Hon. ADRIAN G. DUPLANTIER, District Judge.*

## SUMMARY ORDER

Plaintiffs–Appellants Bath Petroleum Storage, Inc. and E.I.L. Petroleum, Inc., ("Bath") appeal from the March 19, 2004, decision (Lawrence E. Kahn, *Judge* ) denying plaintiffs' motion for summary judgment and granting summary judgment in favor of defendants-appellees. *See Bath Petroleum Storage, Inc. v. Sovas*, 309 F.Supp.2d 357 (N.D.N.Y.2004). The trial judge rejected Bath's claims that the New York State Department of Environmental Conservation ("DEC") had no jurisdiction over plaintiffs because its rules were preempted by federal law. Specifically, Bath appeals the district court's determination that DEC could regulate its expansions of underground storage caverns under Article 23 of New York Environmental Conservation Law, including requiring sonar surveys, and that DEC could prevent Bath from using Well 8 for the disposal of brine without a State Pollutant Discharge Elimination System ("SPDES") permit.

On July 22, 2005, plaintiffs and DEC entered into a consent order. By the terms of that order, Bath waives its right to contest the state's jurisdiction to enter the order. Consent order p. 3, ¶ 12. It agrees to file for an SPDES permit to discharge brine in the Cohocton River "and/or" one or more injection wells. *Id.* at 3, art. I.A.2. Bath furthermore agrees to apply for a permit under Article 23. *Id.* at 3–4, art. I.B. Finally, Bath agrees to conduct sonar surveys of all caverns on a regular schedule. *Id.* at 4–5, art. I.C. The order settles all claims for any penalties assessed by New York and dismisses the administrative complaint against Bath. *Id.* at 7, art. IV. This court ordered additional briefing on whether the case is now moot.

The nature of the dispute between the parties was whether plaintiffs were required to secure state permits to conduct their operations. By the terms of the agreement, Bath agrees to seek such permits and to comply with the state's conditions. At no point did plaintiffs seek anything other than a declaration that Bath did not have to comply with the state's permitting process and were not properly subject to the state's enforcement action. Now that Bath has agreed to comply with the process and the enforcement action has been dismissed, there is no longer a live controversy between the parties, and the appeal is moot. *See N. England Health Care Employees Union v. Mount Sinai Hosp.*, 65 F.3d 1024, 1029 (2d Cir. 1995). Where an appeal is mooted by an appellant's voluntary act, the court should dismiss the appeal and leave intact the lower-court judgment. *See id.*

Bath argues that the order leaves some issues undecided. First, article I.A.2 of the order requires Bath to apply for a permit "to discharge to the Cohocton Riv-

---

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

er and/or the use of one or more injection wells." Bath reads the term "and/or" to mean that Bath may not have to apply for a permit to discharge in the event we were to rule in Bath's favor. Bath is confused. Should Bath decide to forgo activities that would require a permit, it may do so, consistent with the agreement. What Bath has plainly conceded, however, is that it may not discharge without a permit— exactly the subject of the underlying suit. *See* Consent Order p. 3, ¶ 12 (waiving of Bath's right to contest DEC's jurisdiction to enter the order); *id.* art. I.A.2 (requiring Bath to apply for a permit).

Second, Bath argues that the order does not require DEC to grant it an Article 23 permit or to adhere to EPA's decision on the acceptable diameter of the new caverns. That is, of course, true, but it is also irrelevant. In the settlement, Bath has conceded that DEC has jurisdiction and has agreed to comply with DEC's permit process. *See* Consent Order p. 3–4, art. I.B.

Finally Bath argues that the preemption issue will recur if it is not now resolved because DEC could refuse to issue the permit or limit the dimensions of the caverns to less than the dimensions EPA would allow. This argument is unavailing. First, speculation as to what DEC might do in the future does not preserve a dead controversy. Second, Bath, by agreeing to the DEC permitting process, has waived the right to assert a preemption defense by agreeing to DEC's jurisdiction. *See* Consent Order art. IX (holding Bath in breach of the agreement if it fails to apply for the permit or to comply with any provision of the consent order); art. X (binding DEC and Bath to the terms of the order). Bath cannot seriously maintain that it entered into an agreement whereby it agreed to comply with all of DEC's permit policies as a settlement of its preemption dispute but also (implicitly) re-

served its right to bring a preemption defense to the implementation of those policies.

We have carefully considered the rest of plaintiffs' contentions and find them without merit.

For the reasons set forth above, this appeal from the decision of the District Court of the Northern District of New York is hereby DISMISSED.